**NORTON ROSE FULBRIGHT US LLP**
RAYMOND J. MURO (BAR NO. 259871)
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
raymond.muro@nortonrosefulbright.com

Attorneys for Defendant
VISIONWORKS OF AMERICA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SANDOVAL, an individual<br><br>Plaintiff,<br><br>v.<br><br>VISIONWORKS OF AMERICA, INC., a Texas corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-3059<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446** |

DOCUMENT PREPARED ON RECYCLED PAPER

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant VISIONWORKS OF AMERICA, INC. ("Defendant" or "Visionworks") files this Notice of Removal. The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) (diversity jurisdiction) and is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(b). In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

## INTRODUCTION

1. This is a dispute between Plaintiff Michael Sandoval ("Plaintiff") and Defendant, arising out of an alleged failure by Defendant to provide equal access to its website for those with visual disabilities. Plaintiff claims Defendant violated his civil rights by preventing him from accessing its website due to his disability. Plaintiff seeks injunctive relief, statutory damages, and attorneys' fees. Removal is proper because there is complete diversity between Plaintiff, a California citizen, and Defendant, a Texas corporation with its principal place of business in Texas.

## PROCEDURAL FACTS

2. On or about October 6, 2025, Plaintiff commenced the aforementioned action against Defendant by filing a Complaint in the Superior Court of the State of California, County of Orange, entitled *Michael Sandoval v. Visionworks of America, Inc.*, Case No. 2025-01517215 (the "State Court Action"). True and correct copies of Plaintiff's Summons and Complaint, and associated paperwork, are attached hereto as **Exhibit A**.

3. The filing of this Notice of Removal is timely as it is filed within thirty (30) days after service of the Summons and Complaint as required by 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6. Defendant was served with the Summons and Complaint in the State Court Action on October 15, 2025.

4. Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a notice of removal with the clerk of the Superior Court of the State of California in and for the County of Orange, as further required by that statute.

5. Defendant is the only defendant named in the State Court Action. There are fictitiously named defendants (Does 1 through 10), however, for purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). There are no other defendants that have been named and/or served; no other defendants are required to consent to this Notice of Removal. 28 U.S.C. § 1441(a).

## VENUE

6. Pursuant to 28 U.S.C. § 1446(d), the United States District Court for the Central District of California embraces the Superior Court of the State of California in and for the County of Orange, where the State Court Action is pending. This Court is a proper venue for removal of the action.

## SUMMARY OF COMPLAINT

7. The State Court Action is one for violations of the California Unruh Civil Rights Act ("UCRA"). Plaintiff alleges that Defendant's website is "not equally, independently, or fully accessible to blind and visually-impaired consumers." Complaint, ¶ 5.

8. Plaintiff alleges he has encountered multiple access barriers to defendant's website during his "separate visits" beginning in July 2025. *Id.*, ¶ 54. As a result, he alleges that he has been deterred "on a regular basis" from accessing the website. *Id.*, ¶ 55. Plaintiff does not otherwise specify the number of times he accessed, visited, or attempted to access or visit the website. *See generally*, Complaint.

9. Plaintiff alleges that Defendant's access barriers violate the UCRA by (1) denying visually-impaired customers the goods and services provided on its

website and (2) constituting a violation of the Americans with Disabilities Act, which the California Civil Code provides is also a UCRA violation. *Id.*, ¶ 64, 66; Cal. Civ. Code § 51(f).

10. Plaintiff seeks the statutory minimum damages of $4,000.00 for "each and every offense." Complaint, ¶ 68; Cal. Civ. Code § 52(a).

11. Plaintiff also seeks attorneys' fees pursuant to the UCRA. Complaint, ¶ 69.

12. In addition to statutory damages and attorneys' fees, Plaintiff seeks injunctive relief to "ensure that the Website is fully accessible to, and independently usable by blind and visually-impaired individuals." *Id.*, p. 13 (Prayer for Relief). Plaintiff refers to another action in which the court imposed WCAG 2.0 AA compliance standards for injunctive relief. *Id.*, ¶ 39.

13. Plaintiff's Complaint purports to limit the injunctive relief he seeks to $50,000.00 and statutory damages to $24,999.00. *Id.*, ¶ 67–68. However, he does not place a limit on the attorneys' fees sought. *Id.*, ¶ 69.

## REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

14. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, and as explained more fully below, this action involves citizens of different states and complete diversity. As also explained more fully below, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

15. Defendant is informed and believes, based upon the allegations in the Complaint, that Plaintiff was, at the time the lawsuit was filed, a citizen of the State of California. *See* Complaint, ¶ 9 ("Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of San Bernardino.").

16. Visionworks is alleged to be a Texas corporation with its principle place of business in San Antonio, Texas. *Id.*, ¶ 18.

17. Defendant was and is not a citizen of the State of California. Plaintiff was and is not a citizen of the State of Texas. Thus, Plaintiff and Defendant are "citizens of different states" under 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

18. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The amount in controversy is ordinarily determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

19. When the complaint does not contain allegations exceeding the amount-in-controversy requirement, the defendant bears the burden to establish it at removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The amount shown by a defendant may include both the value of nonmonetary relief sought and that of a money judgment when the plaintiff seeks less under state law than it could recover. 28 U.S.C. § 1446(c)(2)(A). The notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

20. Here, the Complaint's specific allegations purport to only request $74,999.00 in relief. But taking into account Plaintiff's request for $4,000.00 per an unspecified number of UCRA violations, the value of the injunctive relief he seeks, and his request for attorneys' fees, the aggregate amount of relief sought plausibly exceeds $75,000.00.

21. **Injunctive Relief:** Plaintiff seeks permanent injunctive relief to ensure that Defendant's website is "fully accessible to, and independently usable by" visually impaired-individuals. Complaint at 13. He seeks to limit the relief to require Defendant to spend no more than $50,000.00 on any necessary action.

22. In the Ninth Circuit, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."

*In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Thus, if the "potential cost to the defendant of complying with the injunction" exceeds plaintiff's potential recovery, those costs "represent[] the amount in controversy for jurisdictional purposes." *Id.* Plaintiffs cannot limit the costs of applying with an injunction in its complaint to circumvent this rule. *See Martinez v. Johnson & Johnson Consumer Inc.*, 471 F.Supp.3d 1003, 1008 (C.D. Cal. 2020) ("If Plaintiff prevails in this case, and injunctive relief is granted, the cost will be out of Plaintiff's control.").

23.     Applying these standards in a nearly identical complaint brought by the same Plaintiff and the same law firm against another website owner, this Court held that there was a "reasonable assumption" based on similar case law that website compliance costs could exceed $50,000.00. *Sandoval v. Ace Hardware Corp.*, No. EDCV 25-0765 JGB, 2025 WL 2481057, at *5 (C.D. Cal. Aug. 28, 2025); *see also Rodriguez v. Foot Locker Corp. Servs.*, Inc., No. CV 20-8536-MWF, 2020 WL 6818448, at *3 (C.D. Cal. Nov. 20, 2020) (holding that the cost to ensure equal website access for visually-impaired individuals would exceed $75,000.00).

24.     Thus, the injunctive relief Plaintiff seeks may require Defendant to expend significant resources that could exceed $75,000.00 itself. *See Rodriguez*, 2020 WL 6818448, at *2 ("[I]mproving and maintaining the accessibility of a commercial website . . . for blind and visually-impaired consumers who use screen-reader software is a complex endeavor that requires ongoing efforts."). Plaintiff cannot artfully plead around removal while seeking such relief by preemptively capping what Defendant may have to spend.

25.     **Statutory Damages:** The UCRA allows for a statutory *minimum* recovery of $4,000.00 for each offense. Cal. Civ. Code § 52(a). Plaintiff alleges that he has been denied equal access to Defendant's website during his "separate visits." He also alleges that he has been deterred from visiting the website "on a regular basis," and that Defendant's violations are "ongoing." Plaintiff seeks the $4,000.00

DOCUMENT PREPARED ON RECYCLED PAPER

minimum for "each and every offense." Like with his request for injunctive relief, Plaintiff purports to limit his UCRA recovery, to $24,999.00.

26. Again, however, Plaintiff's damages cap is at odds with his allegations. The Complaint alleges an unspecified number of "separate" visits and "ongoing" harm. This amounts to a pleading alleging a potential recovery far greater then the $24,999.00 he claims to seek. Nor does Plaintiff show that he could recover less than the statutory minimum for each violation. *See Sandoval v. Ace Hardware Corp.*, 2025 WL 2481057, at *4 ("But the UCRA imposes a *minimum* recovery of $4,000.00 per violation and Plaintiff cites no authority for his ability to limit recovery below a statutory minimum.") (italics in original).

27. "As such, even while Plaintiff asserts that his recovery is likely to be less than the $24,999.00 limit, the [Complaint] alleges ongoing UCRA violations that could exceed $24,999.00 with statutory minimums, and Plaintiff does not actually cap damages at the lower amount he expects to recover or limit the number of visits he alleges." *Id*.

28. **Attorneys' Fees:** Plaintiff seeks reasonable attorneys' fees under the UCRA. He does not provide a limit on this award.

29. Attorneys' fees are recoverable under the UCRA. Cal. Civ. Code § 52(a). "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

30. Even taking Plaintiff's alleged injunctive and statutory damages caps as permissible, recoverable attorneys' fees would just need to exceed $1.01 to satisfy the amount-in-controversy requirement.

31. Plaintiffs' lead attorney, Craig G. Cote, recently (in May 2024), submitted a motion for attorneys' fees under the UCRA in Los Angeles County

DOCUMENT PREPARED ON RECYCLED PAPER

Superior Court.[1] He indicated his hourly rate in that case was $600.00. Assuming a similar rate in this UCRA action, "[t]he cost of the attorneys' work so far has surely exceeded $1.01" even if limited to time spent on the Complaint. *Ace Hardware*, 2025 WL 2481057, at *5.

32. All told, "[b]etween possible statutory damages, costs of injunctive relief, and attorneys' fees, the amount in controversy in this case exceeds $75,000.00, satisfying diversity jurisdiction." *Id.*

## CONCLUSION

For all the foregoing reasons, Defendant Visionworks of America, Inc. respectfully submits that the State Court Action is removable to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

Respectfully submitted,

Dated: November 14, 2025

**NORTON ROSE FULBRIGHT US LLP**

By  /s/Raymond Muro
RAYMOND MURO
Attorney for Defendant
VISIONWORKS OF AMERICA, INC.

---

[1] *Fernandez v. Navraj Corp.*, Los Angeles County Superior Court Case No. 23LBCV00317, Department S 26, Hon. Michael P. Vicencia.

DOCUMENT PREPARED ON RECYCLED PAPER